**Gregory B. OLMA, Annette A. Juncewicz, Plaintiffs–Appellees,**

v.

**Mark G. PATTON, Robert Lichtenthal, and Acea Mosey–Pawlowski, individually and in their official capacity as commissioners of the Erie County Water Authority, Defendants–Appellants,**

**The Erie County Water Authority, Defendant.**

**Docket No. 02–9331.**

United States Court of Appeals, Second Circuit.

May 15, 2003.

James Ostrowski, Buffalo, NY, for Plaintiffs–Appellees Gregory B. Olma and Annette A. Juncewicz.

Frank T. Gaglione, Frank T. Gaglione, P.C., Amherst, NY, for Defendants–Appellants Mark G. Patton, Robert Lichtenthal, and Acea Mosey–Pawlowski.

Hugh M. Russ, III, Hodgson Russ LLP, Buffalo, NY, for Amicus Curiae The Erie County Water Authority.

Present: OAKES, WINTER, and KATZMANN, Circuit Judges.

### Summary Order

**ORDERED, ADJUDGED AND DECREED** that the appeal is **DISMISSED.**

In this suit, the Plaintiff–Appellee, Annette A. Juncewicz, alleges that her position with the Erie County Water Authority was eliminated as a result of her own political activity as well as that of her

husband, the other Plaintiff–Appellee, Gregory B. Olma. The District Court granted in part and denied in part a motion for summary judgment by the Defendants. In particular, the District Court determined that Olma lacked standing to obtain any relief under federal law, and that Juncewicz could not state a claim under 42 U.S.C. § 1985(3). Accordingly, it granted summary judgment on those claims. The court rejected the Defendants' arguments, however, that the Water Authority was shielded by legislative immunity, that no reasonable juror could find sufficient evidence to support Juncewicz's claims, and that the individual Defendants are immune from suit under New York law.

The individual Defendants now appeal the latter two determinations. Because we have no jurisdiction to consider such an appeal at this time, the Defendants' appeal must be dismissed.

The Defendants claim that we have jurisdiction to hear this interlocutory appeal because it is based on the District Court's decision denying them qualified immunity.* We have jurisdiction over an interlocutory appeal only when it presents "purely legal ... issues." *Loria v. Gorman,* 306 F.3d 1271, 1280 (2d Cir.2002). Therefore, we have held that:

> If the district court has ruled that adjudication of the immunity defense requires resolution of genuinely disputed questions of material fact, the denial of summary judgment on that basis is not immediately appealable. Where the district court's summary judgment order, though entered on a qualified-immunity-

based motion, has "determine[d] only a question of evidence sufficiency, *i.e.,* which facts a party may, or may not, be able to prove at trial," it is a "kind of order [that] is not appealable."

*Munafo v. Metro. Transp. Auth.,* 285 F.3d 201, 211 (2d Cir.2002) (quoting *Johnson v. Jones,* 515 U.S. 304, 313, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (alterations in original)). Put another way, we have jurisdiction only to consider whether, under the "version of the facts before the district court that is most favorable to [the plaintiff]," the defendants violated clearly established law. *Loria,* 306 F.3d at 1280.

The Defendants here make no effort to argue that retaliation against a government employee for her political speech or associations is anything but a clearly established violation of the Constitution. *See, e.g., African Trade & Info. Ctr. v. Abromaitis,* 294 F.3d 355, 360 (2d Cir. 2002) (citing, among other cases, *Rutan v. Republican Party of Ill.,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)).

Therefore, for the reasons stated above, the appeal is hereby Dismissed.

---

* We note that there is no indication in the Record that the Defendants actually raised a qualified immunity argument below. As best we can discern, the individual Defendants raised only a claim of immunity under New York law. New York law is not relevant to the Defendants' liability under § 1983. *See*

*Howlett v. Rose,* 496 U.S. 356, 376, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) (citing *Martinez v. California,* 444 U.S. 277, 284, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980)). However, we accept, purely for the sake of argument, the Defendants' contention that the District Court considered the qualified immunity issue.